IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-HC-2056-F

| | | |
|---|---|---|
| MICHAEL LOUIS FRAZIER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DONALD MOBLEY, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, a state inmate, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is before the undersigned for an initial review pursuant to Rule 4 of the Rules Governing § 2254 cases in the United States District Courts. Because it does not clearly appear from the face of the petition that Petitioner is not entitled to relief, the matter is allowed to proceed. The Clerk of Court is DIRECTED to maintain management of the matter.

In addition, Petitioner has filed a motion to compel discovery. Mot. [DE-2]. The right to conduct discovery in federal habeas corpus proceedings is more limited than that applicable to normal civil actions. Rule 6 of the Habeas Rules provides the authority for a habeas petitioner to conduct discovery with leave of the court. However,

> [u]nlike other civil litigants, a § 2254 habeas petitioner "is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). Instead, he must "show good cause before he is afforded an opportunity for discovery." Quesinberry[ v. Taylor, 162 F.3d 273, 279 (1998)]; see also Rules Governing Section 2254 Cases, Rule 6(a), 28 U.S.C. foll. § 2254. A showing of good cause must include specific allegations suggesting that the petitioner will be able to demonstrate that he is entitled to habeas corpus relief. Bracy, 520 U.S. at 908-09; see also Harris v. Nelson, 394 U.S. 286, 290 (1969).

Stephens v. Branker, 570 F.3d 198, 213 (4th Cir. 2009).

"Good cause" requires more than a petitioner's conclusory assertion there may be some undiscovered or undisclosed evidence to support his claim. The rules governing discovery in habeas corpus cases do not countenance "a so-called fishing expedition via discovery, an effort to find evidence to support a claim." Borden v. Allen, 646 F.3d 785, 810 n.31 (11th Cir. 2011); see also Williams v. Bagley, 380 F.3d 932, 974 (6th Cir. 2004) (citations and quotations omitted) ("Rule 6 does not sanction fishing expeditions based on a petitioner's conclusory allegations. Conclusory allegations are not enough to warrant discovery under Rule 6; the petitioner must set forth specific allegations of fact."). Here, Petitioner merely lists the discovery he seeks, without any argument as to whether good cause exists. Accordingly, his motion to compel discovery [DE-2] is DENIED WITHOUT PREJUDICE.

Finally, Petitioner has filed two motions [DE-3,4] seeking the appointment of counsel. There is no constitutional right to counsel in habeas corpus cases. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). However, pursuant to 18 U.S.C. § 3006A(a)(2)(B), the court may appoint counsel in a habeas corpus case if it determines that "the interests of justice so require." Having reviewed the petition the court finds that there are no legally complex issues deserving of the extraordinary measure of the appointment of counsel. Likewise, the court finds that Petitioner has ably presented his claims and demonstrated his ability to articulate arguments in favor of his positions. Accordingly, the interests of justice do not require the appointment of counsel and Petitioner's motions [DE-3, 4] are DENIED.

## CONCLUSION

Petitioner's motion to compel discovery [DE-2] is DENIED WITHOUT PREJUDICE, and

Petitioner's motions to appoint counsel [DE-3,4] are DENIED. The Clerk of Court is DIRECTED to maintain management of the matter.

SO ORDERED. This the 6th day of November, 2014.

_____
JAMES C. FOX
Senior United States District Judge